# Richmond.

## HARRISON'S ADM'R v. GARNETT.

### DECEMBER 7, 1899.

#### Absent, Cardwell, J.

1. EVIDENCE—*Books of Original Entry—Only Prima Facie Correct.*— Books of orignal entry of sales made by a clerk at the time of such sales, and returned by an officer as a record of the amount of the sales, are only *prima facie* evidence of the fact, and may be contradicted by other satisfactory evidence.

2. EXECUTIONS—*Payment to Sheriff or Trustee—Presumption of Payment to Creditor.*—In a contest between the debtor and creditor as to the amount due on a writ of *fieri facias,* the presumption is, in the absence of evidence to the contrary, that the trustee in a deed to secure the writ, who made sale of the property conveyed, and the sheriff who held the writ and received money thereon from the debtor, did their duty, and paid the money over to the creditor.

Appeal from a decree of the Circuit Court of Madison county, pronounced November 12, 1897, in a suit in chancery, wherein the appellant and another were the complainants, and the appellee was the defendant.

*Affirmed.*

The opinion states the case.

*T. C. Gordon, F. M. & C. F. McMullan,* and *Hay & Jeffries,* for the appellant.

*Barbour & Rixey,* for the appellee.

HARRISON, J., delivered the opinion of the court.

VOL. XCVII—88

On the 8th of February, 1897, F. M. McMullan, administrator of T. N. Harrison, and D. M. Pattie, trustee for V. E. Bledsoe, filed their bill against Martha C. Garnett, seeking to subject certain real estate to the satisfaction of two judgments obtained against her in April, 1881—one in favor of T. N. Harrison for $1,738.72, and the other in favor of V. E. Bledsoe for $557.50.

What, if anything, is due on either of these judgments, or whether they have been overpaid, as contended by the appellee, is the subject of controversy in this cause. The whole matter, upon the evidence adduced by both sides, was submitted to the judge of the Circuit Court in vacation, and on the 12th of November, 1897, a decree was rendered ascertaining and determining that the judgment in favor of T. N. Harrison had been overpaid by $696.45, as of September 6, 1892, and that there was still due on the judgment in favor of V. E. Bledsoe the sum of $323.41, as of January 18, 1888. From this decree the administrator of T. N. Harrison has appealed.

It appears that executions were issued on these judgments in 1881, which went into the hands of C. C. Yager, a deputy sheriff of Madison county, together with other executions, and were levied on certain property of the debtor. Before the day fixed for the sale, however, the debtor, to further secure these executions, conveyed to C. C. Yager, as trustee, her growing crops of corn and wheat. The wheat crop was sold, and the proceeds, amounting to $312, realized and applied by C. C. Yager in September, 1881. The corn crop and the property levied on were advertised and sold on the 10th of November, 1881. Large payments were made upon these judgments, derived from other sources, which are not disputed. The only controverted question of fact in the case is as to the true amount of the sale made by Yager on November 10, 1881.

No return was made on these executions until December, 1887, more than six years after the sheriff's sale, and nothing

then appears to show that they had ever been levied, or that anything had been paid on the Harrison judgment by C. C. Yager. The chief contention of appellant is that a certain paper filed, called a " book of sales," purporting to be an account of the sale made November 10, 1881, must be taken as conclusive of the amount of that sale. This paper was produced and filed after the depositions had been taken. It is shown to be in the handwriting of one R. S. Thomas, who acted as clerk of the sale. Nothing appears to show where this paper was found, or why it had not been produced and relied on before, save the bare statement by Yager that it was lost. There is no proof that it was a book of original entries made at the time. On the contrary, it seems not to have been, and the evidence of the appellant as well as that of the appellee shows that it is inaccurate and unreliable as a guide in determining the amount of the sale in question. If this paper was shown to be a book of original entries made by a clerk at the time of the sale, and had been returned ·by the officer as a record of the amount of the sale, it would have only been *prima facie* evidence of the fact, that might have been overcome by satisfactory evidence that it was a false account, and did not give the true amount for which the property sold. Before this paper was found, Yager had himself testified that the sale amounted to about $1,600, and the other evidence in the cause corroborated his statement, and sustains the ascertainment of the Circuit Court that the amount of the sale applicable *pro rata* to the executions in the hands of the sheriff was $1,692.90.

It is further contended by appellant that T. N. Harrison's estate is not responsible for any defalcation of C. C. Yager, as trustee, and, therefore, that the judgment asserted by the appellant ought not to be credited by any money received by Yager as trustee.

There is no evidence upon which to base the conclusion that Yager is in default. He was introduced on behalf of appellant,

and testifies that he accounted for, substantially, all the money that came to his hands, and we are unable to say from the record that this is not true. The presumption, in the absence of evidence to the contrary, is that the sheriff did his duty. If he did properly apply the proceeds of the sale of the corn, which was the only article sold November 10, 1881, by him as trustee, then the question suggested by this contention of appellant does not arise, and hence need not be considered.

Upon the whole case we are of opinion that there is no error, to the prejudice of appellant, in the decree appealed from, and it is therefore affirmed.

*Affirmed.*